Kelly A. Moran, Chief Deputy County Counsel (State Bar No. 267147)
Office of County Counsel - Riverside
kmoran@rivco.org
3960 Orange Street, Suite 500
Riverside, CA 92501-3674
Telephone: (951) 955-6300

Douglas C. Smith, Esq. (State Bar No.160013)
dsmith@smitlaw.com
Erin R. Brown, Esq. (State Bar No. 323218)
ebrown@smitlaw.com
SMITH LAW OFFICES, LLP
4001 Eleventh Street
Riverside, California 92501
Telephone: (951) 509-1355
Facsimile: (951) 509-1356

Attorneys for Defendants
COUNTY OF RIVERSIDE, JACQUELINE FARRIS,
JOSEPH WEISENBERGER(erroneously sued as Joseph
Welsenberger), MARIAH LOPEZ,
CHRISTINA PLEMONS, LEONOR MENDEZ, and
MARCIA BUTCHER

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL VILLASANTI, an individual; ANDRES VILLASANTI, an individual; | CASE NO.: 5:22-cv-00939-JWH (KKx) |
| Plaintiffs, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO** |
| vs. | **DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT IN PART UNDER FRCP RULE** |
| COUNTY OF RIVERSIDE, a public entity; JACQUELINE FARRIS, an individual; JOSEPH WELSENBERGER, an individual; MARIAH LOPEZ, an individual; JESUS CUEVAS, an individual; CHRISTINA PLEMONS, an individual; LEONOR MENDEZ, an individual; MARCIA BUTCHER, an individual; and DOES 1 through 20, inclusive, | **12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; AND [PROPOSED] ORDER** |
| | DATE: January 6, 2023 TIME: 9:00 a.m. CTRM: 9D |
| Defendants. | |
| | *Complaint filed 6/6/22 First Amended Complaint filed 11/10/22* |

P:\Case Files\RVC\557.Villasanti, Manuel\p-mtn.dismiss03 (defs).wpd          i

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT IN PART UNDER FRCP RULE 12(b)(6)**

TO: PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on **January 6, 2023**, at 9:00 a.m., or as soon thereafter as may be heard, in Courtroom 9D, of the United States Courthouse, 411 W. 4th Street, Santa Ana, CA 92701, Defendants COUNTY OF RIVERSIDE, JACQUELINE FARRIS, JOSEPH WEISENBERGER, MARIAH LOPEZ, JESUS CUEVAS, CHRISTINA PLEMONS, LEONOR MENDEZ, and MARCIA BUTCHER ("Defendants") will and hereby do move this Court to dismiss the First Amended Complaint, in Part, filed by Plaintiffs MANUEL VILLASANTI, an individual; and ANDRES VILLASANTI, an individual ("Plaintiffs"), pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) for failing to state a claim upon which relief can be granted.

Moving defendants are entitled to dismissal of plaintiffs' claims against them, in part, pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) for the following reasons. The plaintiffs, Manuel Villasanti, and Andres Villasanti, are (half) siblings to minor child, S.V. who all share the same mother. Because there is no First Amendment right to familial association between siblings, plaintiffs' "Count 2" of their first claim for relief pursuant to 42 U.S.C. section 1983 against the individual defendants for violation of their First Amendment rights based on a theory of a loss of familial association with minor, S.V. must fail. Additionally, as childrens' claims for wrongful removal from a parent are analyzed under the Fourth Amendment and plaintiffs have not pled any facts to show a continued loss of association with their mother after their return to her custody, plaintiffs' "Count 1" of their first claim for relief pursuant to 42 U.S.C. section 1983 for violation of their Fourteenth Amendment rights based on a theory of loss of familial association with their mother should be dismissed.

As to defendant County of Riverside, because there is no First Amendment right to familial association between siblings, plaintiffs' Monell claim against the County based on a theory of a loss of familial association with minor, S.V. must

---

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT IN PART UNDER FRCP RULE 12(b)(6)**

1  fail. Additionally, as childrens' claims for wrongful removal from a parent are

2  analyzed under the Fourth Amendment and plaintiffs have not pled any facts to

3  show a continued loss of association with their mother after their return to her

4  custody, their <u>Monell</u> claim against the County based on a theory of loss of

5  familial association with their mother should be dismissed.

6        This Motion is based on this Notice of Motion, the Memorandum of Points

7  and Authorities, the records and Court files herein, and on other oral and/or

8  documentary evidence and arguments as may be later submitted in this matter,

9  DATED: November 23, 2022          SMITH LAW OFFICES, LLP

10

11                                    By      /s/ Erin R. Brown

12                                    Douglas C. Smith
                                      Erin R. Brown
                                      Attorneys for Defendants
13                                    COUNTY OF RIVERSIDE,
                                      JACQUELINE FARRIS, JOSEPH
14                                    WEISENBERGER, MARIAH LOPEZ,
                                      CHRISTINA PLEMONS, LEONOR
15                                    MENDEZ, and MARCIA BUTCHER

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT IN PART UNDER FRCP RULE 12(b)(6)**

## MEET AND CONFER

This Motion is made following attempts to resolve the pleading issues in plaintiff's First Amended Complaint pursuant to Local Rule 7-3. The attempts included on November 15, 2022 counsel for defendants, Erin R. Brown, had a telephone conversation with plaintiffs' counsel, Stephen D. Daner, and discussed defendants had the same objections to plaintiffs' First Amended Complaint, as it did plaintiffs' initial Complaint. Counsel could not reach a resolution. Thus, defendant is moving to dismiss plaintiffs' First Amended Complaint in part pursuant to <u>Federal Rules of Civil Procedure</u>, Rule 12(b)(6).

DATED: November 23, 2022          SMITH LAW OFFICES, LLP

By_____/s/ Erin R. Brown_____
Douglas C. Smith
Erin R. Brown
Attorneys for Defendants
COUNTY OF RIVERSIDE,
JACQUELINE FARRIS, JOSEPH
WEISENBERGER, MARIAH LOPEZ,
CHRISTINA PLEMONS, LEONOR
MENDEZ, and MARCIA BUTCHER

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT IN PART UNDER FRCP RULE 12(b)(6)**

# TABLE OF CONTENTS

**Page No.**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

Memorandum of Points and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    II.    STATEMENT OF ALLEGED "FACTS" . . . . . . . . . . . . . . . . . . . . . . 1

    III.   LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    IV.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

          A.    Plaintiffs' First Claim Against the Individuals Based on a First

               Amendment Right to Familial Association Between Siblings

               Fails . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

               1.     No Such Right Exists Under the First or Fourteenth

                     Amendments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

               2.     Current Fourteenth Amendment Framework Does Not

                     Support a Sibling's Right to Loss of Familial

                     Association . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

               3.     The Individuals are Entitled to Qualified Immunity . . . 7

          B.    Plaintiffs' First Claim Against the Individuals Based on a

               Constitutional Violation Under the Fourteenth Amendment

               Must Fail . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

               1.     Wrongful Removal Claims by Children are Brought

                     Under the Fourth Amendment . . . . . . . . . . . . . . . . . . . 8

               2.     Plaintiff's First Claim Against the Individuals Based on

                     a Constitutional Violation for Interference with the

                     Plaintiffs' Association With Their Mother After Their

                     Return to Her Must Fail . . . . . . . . . . . . . . . . . . . . . . . 9

          C.    Plaintiffs' Second Claim Fails to Sate a Claim Under

               Monell . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT IN PART UNDER FRCP RULE 12(b)(6)**

1         1.    Plaintiffs' Monell Claim Against the County Based on a

2                First Amendment Right to Familial Association Between

3                Siblings Fails. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

4         2.    Plaintiffs' Monell Claim Against the County is Vaguely

5                Pled . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

6         3.    Plaintiffs' Monell Claim Against County Based on a

7                Constitutional Violation for Interference with the

8                Plaintiff's Association With Their Mother After Their

9                Return to Her Must Fail . . . . . . . . . . . . . . . . . . . . . . . . 11

10        4.    Plaintiff's Monell Claim Against the County for

11               Wrongful Removal of the Plaintiffs Under the

12               Fourtheenth Amendment Fails . . . . . . . . . . . . . . . . . . . 11

13    III.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT IN PART UNDER FRCP RULE 12(b)(6)**

# TABLE OF AUTHORITIES

**Page No.**

**Federal Cases**

AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) . . 10

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) . . . . . . . . . . . . . . . . . 3

Capp v. County of San Diego, 940 F.3d 1046, 1060 (9th Cir. 2019) . . . . . . . . . . 6

City of Canton, Ohio v. Harris, 489 U.S. 378, 388-91 (1989). . . . . . . . . . . . . . . 10

Collins v. Harker Heights, 503 U.S. 115, 120 (1992) . . . . . . . . . . . . . . . . . . . . . . 9

Dees v. County of San Diego, 960 F.3d 1145, 1152 (9th Cir. 2020) . . . . . . . . . . 6

J.P. by & through Villanueva v. Cnty. of Alameda, No. 17-CV-05679-YGR, 2018

    WL 1933387, at *1 (N.D. Cal. Apr. 24, 2018) . . . . . . . . . . . . . . . . . . 4, 5, 8

J. P. by & through Villanueva v. Alameda Cnty., California 141 S. Ct. 1514, 209

L. Ed. 2d 253 (2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Kaur v. City of Lodi, 263 F. Supp. 3d 947, 973 (E.D. Cal. 2017). . . . . . . . . . . 5, 6

Keates v. Koile, 883 F.3d 1228, 1236 (9th Cir. 2018). . . . . . . . . . . . . . . . . . . 6, 8

Kirkpatrick v. County of Washoe, 792 F.3d 1184, 1189 (9th Cir. 2015), on reh'g

    en banc, 843 F.3d 784 (9th Cir. 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

Lee v. City of Los Angeles, 250F.3d 668,685 (9th Cir. 2001) . . . . . . . . . . . . . . . 4

Manta Management Corp. v. City of San Bernardino, 43 Cal.App. 400,

    407 (citing Collins v. Harker Heights, 503 U.S. 115, 120 (1992). . . . . . . . . 9

Monell v. Department of Social Services of City of New York,

    436 U.S. 658 (1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Mullenix v. Luna, 577 U.S. 7, 11–12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Olvera v. Cnty. of Sacramento, 932 F. Supp. 2d 1123, 1148 (E.D. Cal. 2013) . . 5

Santosky v. Kramer, 455 U.S. 745, 753–54 (1982). . . . . . . . . . . . . . . . . . . . . . . . 6

Shafer v. Cnty. of Santa Barbara, 868 F.3d 1110, 1117 (9th Cir. 2017). . . . . . . 7

Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . 10

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT IN PART UNDER FRCP RULE 12(b)(6)**

_Troxel v. Granville_, 530 U.S. 57, 65 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

_Wallis v. Spencer_, 202 F.3d 1126, 1137 n.8 (9th Cir. 2000). . . . . . . . . . . . . . . . .  8

_Ward v. City of San Jose_, 967 F.2d 280, 284 (9th Cir. 1991), as amended on denial

    of reh'g (June 16, 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

_Wright v. S. Arizona Children's Advoc. Ctr._, No. CV-21-00257-TUC-JGZ, 2022

    WL 4591827, at *2-4 (D. Ariz. Sept. 30, 2022) . . . . . . . . . . . . . . . . . . . . 5, 8

**Federal Statutes**

    United States Constitution

        42 <u>U.S.C.</u> § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii, 3, 4, 9, 12

    Federal Rules of Civil Procedure

        Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii, iv, 1, 3

**State Statutes**

    Evidence Code

        Section 730. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT IN PART UNDER FRCP RULE 12(b)(6)**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Defendants bring this Motion pursuant to <u>Federal Rules of Civil Procedure</u> ("<u>Fed. R. Civ. P.</u>"), Rule 12(b)(6) to dismiss plaintiffs' First Amended Complaint, in Part. For the following reasons, defendants ask the Court to grant its Motion to Dismiss pursuant to <u>Fed. R. Civ. P.</u> Rule 12(b)(6).

## II.

## STATEMENT OF ALLEGED "FACTS"

Plaintiffs filed this lawsuit against County of Riverside ("County"), and social workers Jacqueline Farris, Joseph Weisenberger, Mariah Lopez, Jesus Cuevas, Christina Plemons, Leonor Mendez, and Marcia Butcher. Plaintiffs allege the following in their First Amended Complaint:

Caroline Villasanti is the biological mother of Manuel, Andres, D.V., and S.V. Plaintiffs' First Amended Complaint ("FAC") ¶ 22. Anthony Luther is S.V.'s biological father. Caroline and Mr. Luther were involved in a Family Law proceeding to resolve a custody dispute of S.V. FAC ¶ 23. Manuel, Andres, D.V., and S.V. were minor cohabitating siblings. They grew up together, and were extremely close. They provided each other with emotional enrichment and support, confided in each other. They attended after-school activities together. Manuel, Andres, and D.V. would help S.V. with his school studies and activities. They shared similar religious thoughts, deals, and beliefs. Manuel, Andres, and D.V. helped care for and supervise S.V. They prepared meals together. Manuel, Andres, and D.V. "took on fatherly roles to S.V." FAC ¶¶ 24-29.

During underlying Family Law proceedings, Dr. James (Jim) Husen, Psy.D. performed a Cal. <u>Evidence Code</u>, §730 Child Custody Evaluation. FAC ¶ 31. On October 1, 2019, Ms. Farris sought a Protective Custody Warrant for Manuel, Andres, D.V., and S.V. FAC ¶ 43. Ms. Farris included and recited Dr. Husen's 730

1  Evaluation report, opinions, and/or recommendations, in the Warrant Application
2  and allegedly suppressed information and fabricated facts. FAC ¶¶ 43-44. On
3  October 1, 2019 Mr. Weisenberger filed a Juvenile Dependency Petition. FAC ¶
4  53. The Juvenile Court issued a warrant to seize Manuel, Andres, D.V., and S.V.
5  from their mother's custody. FAC ¶ 51. On October 1, 2019, Ms. Farris seized
6  Manuel, Andres, D.V., and S.V. and detained them from their home. FAC ¶ 52. On
7  October 3, 2019 Ms. Farris and Ms. Plemons filed a Detention Report. FAC ¶ 56.
8  On October 3, 2019 Ms. Lopez filed a Juvenile Dependency Petition for Manuel,
9  Andres, D.V., and S.V. FAC ¶ 62.

10       At the Detention hearing on October 4, 2019, Ms. Farris agreed Manuel,
11  Andres, and D.V. could be safely returned to Caroline's custody and care and the
12  Juvenile Court ordered Manuel, Andres, and D.V. to be returned to their mother's
13  care. FAC ¶¶ 66-67. Allegedly, despite being returned to Caroline's care, Manuel
14  and Andres were still subject to the County's custody, control, management, and
15  jurisdiction. FAC ¶ 67. After the Detention Hearing, Manuel asked Ms. Farris
16  where S.V. was, and asked to see him. Andres and D.V. also requested visitation
17  with S.V. FAC ¶ 68. Ms. Farris never allowed Manuel, Andres, or D.V. to visit or
18  speak with S.V. FAC ¶ 68. On October 23, 2019, Manuel, Andres, and D.V.
19  iterated to Mr. Cuevas they all wanted to see and/or speak with S.V. FAC ¶ 74.

20       On November 12 & 13, Mr. Cuevas and Ms. Plemons filed a
21  Jurisdiction/Disposition Report. FAC ¶ 75. The Juvenile Court removed (only)
22  S.V. from Caroline's custody. FAC ¶ 80. At the Jurisdiction/Disposition Hearing,
23  the Juvenile Court ordered therapeutic visitation between Manuel, Andres, D.V.,
24  and S.V. Mr. Cuevas and Ms. Plemons completely refused to allow Manuel,
25  Andres, and D.V. to speak with, contact, and/or visit S.V. FAC ¶¶ 81-82. On April
26  13, 2020 Mr. Cuevas and Ms. Plemons filed an Ex Parte Application with the
27  Juvenile Court. FAC ¶ 114. Ms. Mendez and Ms. Butcher refused to allow
28  Manuel, Andres, and D.V. to speak with, contact, and/or visit S.V. FAC ¶ 118. On

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT IN PART UNDER FRCP RULE 12(b)(6)**

May 21, 2020, Ms. Mendez and Ms. Butcher filed a Status Review Report with the Juvenile Court. FAC ¶ 119. The Juvenile Court terminated the mother's custody of S.V. and denied Manuel, Andres, and D.V. to see, speak with, or visit S.V. FAC ¶¶ 123-124.

## III.

## LEGAL STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6) should be granted if the plaintiff has not alleged facts to support a claim upon which relief could be granted. To survive a motion to dismiss for failure to state a claim, a plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The statement must be sufficient to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, factual allegations in a Complaint must be more than merely skeptical and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for 'entitlement to relief.' ' " Ashcroft, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557).

## IV.

## ARGUMENT

### A.    Plaintiffs' First Claim Against the Individuals Based on a First Amendment Right to Familial Association Between Siblings Fails.

Plaintiffs' first claim is a claim for damages under 42 U.S.C. § 1983 against the Individuals for violation of plaintiffs' Fourth, Fourteenth, and First Amendment rights. Plaintiffs assert in "Claim 1, Count 2" of their First Amended Complaint there is a clearly established First Amendment right protecting cohabiting siblings from unwarranted government interference in their

P:\Case Files\RVC\557.Villasanti, Manuel\p-mtn.dismiss03 (defs).wpd          3

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT IN PART UNDER FRCP RULE 12(b)(6)**

1  relationship. Not so.

2  **1.      No Such Right Exists Under the First or Fourteenth**

3  **Amendments.**

4  It is well established there is a constitutional interest in familial

5  companionship between parents and their children and those familial association

6  claims may be raised under the First Amendment. <u>Lee v. City of Los Angeles</u>,

7  250F.3d 668,685 (9th Cir. 2001). There are no Ninth Circuit cases establishing

8  siblings enjoy the same constitutional interest recognized for parents and children

9  under the First Amendment. A recent unpublished Ninth Circuit case[1] establishes

10  no such right exists. In <u>J.P. by & through Villanueva v. Cnty. of Alameda</u>, a foster

11  child brought a § 1983 claim for loss of familial association after his sister died

12  from methamphetamine after they were removed and while they were placed in

13  foster care together. <u>J.P. by & through Villanueva v. Cnty. of Alameda</u>, No.

14  17-CV-05679-YGR, 2018 WL 1933387, at *1 (N.D. Cal. Apr. 24, 2018), rev'd and

15  remanded, 803 F. App'x 106 (9th Cir. 2020). On appeal, the Ninth Circuit found

16  no viable loss of familial association claim exists for siblings under the First

17  Amendment and thus far that familial relationship has been limited to that between

18  a parent and child. <u>J.P. by & through Villanueva v. Cnty. of Alameda</u> ("J.P"), 803

19  F. App'x 106, 109 (9th Cir. 2020)[2], cert. denied sub nom. <u>J. P. by & through</u>

20  <u>Villanueva v. Alameda Cnty.</u>, California 141 S. Ct. 1514, 209 L. Ed. 2d 253

21  (2021).

22  Even if this Court were not to recognize the court's ruling in <u>J.P.</u>, plaintiffs'

23  claim still fails. Since there are no Ninth Circuit cases setting out specifically the

24  conduct or elements that constitute violation of familial association under the First

25  _____

26  [1] As will be made clear, this unpublished Ninth Circuit opinion should be given

27  precedential value under U.S.Ct. of App. 9th Cir. Rule 36-3 as the opinion is directly relevant to this case's doctrine of law.

28  [2] Available on Westlaw and other publicly accessible electronic databases.

Amendment, First Amendment rights to familial association are measured by the same standard as Fourteenth Amendment rights to familial association. <u>Kaur v. City of Lodi</u>, 263 F. Supp. 3d 947, 973 (E.D. Cal. 2017).

The Ninth Circuit has found no such familial association claim for siblings exists under the Fourteenth Amendment. See <u>Ward v. City of San Jose</u>, 967 F.2d 280, 284 (9th Cir. 1991), as amended on denial of reh'g (June 16, 1992) (finding "[n]either the legislative history nor Supreme Court precedent supports an interest for siblings consonant with that recognized for parents and children." See also, <u>Olvera v. Cnty. of Sacramento</u>, 932 F. Supp. 2d 1123, 1148 (E.D. Cal. 2013) (recognizing the Ninth Circuit's rejection in Ward of such a claim.)

As reasoned by the court in J.P., "[n]o basis exists to disregard this precedent simply because [a] claim is raised under the First Amendment rather than the Fourteenth Amendment." <u>J.P. by & through Villanueva</u>, 803 F. App'x at 109.

The <u>Ward</u> and <u>J.P</u> cases were relied upon as recently as September 30, 2022 by the United States District Court, District of Arizona, when it dismissed with prejudice familial association claims brought by siblings of a minor who had been removed for concerns of child abuse after a school nurse observed a suspicious bruise. The plaintiffs in that case, which included a sibling, step-sibling, and half-sibling, among others, alleged the defendants, which included the Southern Arizona Department of Child Safety, obstructed the return of the minor to his parents for 50 days. The court, citing <u>Ward</u> and <u>J.P.</u> found the siblings lacked standing to assert familial association claims as the minors siblings. <u>Wright v. S. Arizona Children's Advoc. Ctr.</u>, No. CV-21-00257-TUC-JGZ, 2022 WL 4591827, at *2-4 (D. Ariz. Sept. 30, 2022).

**2.** <u>**Current Fourteenth Amendment Framework Does Not Support a Sibling's Right to Loss of Familial Association.**</u>

Even if this Court were to disregard both J.P. and Ward, applying the

Fourteenth Amendment framework for loss of familial association in the context of removal of a child for suspected child abuse (as First Amendment rights to familial association are measured by the same standard as Fourteenth Amendment rights to familial association under the Kaur ruling) does not translate to siblings.

When it comes to the parent-child relationship, "the interest of parents in the care, custody, and control of their children" is recognized as a fundamental liberty interest. Troxel v. Granville, 530 U.S. 57, 65 (2000). Government officials "may interfere with the right if they 'provide the parents with fundamentally fair procedures.'" Id. (quoting Santosky v. Kramer, 455 U.S. 745, 753–54 (1982)). "The Ninth Circuit has held that to assert a cognizable Fourteenth Amendment claim plaintiffs must establish that an actual loss of custody occurred." Dees v. County of San Diego, 960 F.3d 1145, 1152 (9th Cir. 2020). "A cause of action does not lie where the social worker is accused of seizing a child and the parent has not 'actually lost' control over the child." Id. at 1153 (quoting Capp v. County of San Diego, 940 F.3d 1046, 1060 (9th Cir. 2019). Government officials "may not remove children from their parents without a court order unless they have information at the time of the seizure that establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury." Keates v. Koile, 883 F.3d 1228, 1236 (9th Cir. 2018) (internal quotations omitted.)

In other words, what makes a parent-child relationship unique is the parent's right to the care, custody, and control of their children. These fundamental characteristics of the parent-child relationship are not typically characteristics of the sibling relationship. While theoretically one can pontificate scenarios in which an adult sibling may be responsible for the care, custody, and control of another sibling, plaintiffs' have not set forth any facts describing such a relationship existed between themselves and S.V. Plaintiffs' FAC sets forth only typical aspects of minor sibling relationships: for example, attending after-school activities together, helping S.V. with school studies and activities, sharing

religious beliefs, helping care and supervise the minor S.V., preparing meals together. While plaintiffs' assert they "took on fatherly roles to S.V." they offer no facts to show they alone were actually acting as a father figure to S.V. with any actual responsibility for the care, custody, and control of S.V., outside a typical older-brother/younger-brother relationship in which the biological father of one minor does not live in the home. None of the attributes offered by plaintiffs amount to anything remotely close to showing a legitimate interest or responsibility in the "care, custody, and control" of S.V.

If the Fourteenth Amendment framework were to apply to siblings in this context, it would then follow that government officials would be required to provide all cohabiting siblings with the same due process rights they afford a parent before removal of a child. This would consist of seeking consent of a sibling before removal, or obtaining a warrant for the removal justifying removal of the child not just from the child's parent(s), but also from their sibling(s). Logically and practically this cannot be when a sibling has not shown they had any control or custody of the sibling to begin with. Plaintiffs' claim must fail.

### 3.   The Individuals are Entitled to Qualified Immunity.

Even if this Court finds a First Amendment right for loss of familial association between siblings does exist, that right is not clearly established, and was not clearly established at the time of the events giving rise to this lawsuit. "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." While a case directly on point is not required, "existing precedent must have placed the constitutional question beyond debate." Mullenix v. Luna, 577 U.S. 7, 11–12, (internal quotations omitted). "For a right to be clearly established, case law must ordinarily have been earlier developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that what he is doing violates federal law." Shafer v. Cnty. of Santa Barbara,

868 F.3d 1110, 1117 (9th Cir. 2017) (internal quotations omitted).

As set forth above, Ninth Circuit case law directly precludes siblings from asserting familial association claims. There has been no recognized familial association claims for siblings under the Fourteenth Amendment since 1991 when the Ninth Circuit published its Ward ruling. There are no cases prior to the events of this lawsuit that developed the existence of such a First Amendment right in this context, i.e. a sibling being removed from the household for concerns of child abuse or neglect. Additionally, the very existence of the rulings in <u>J.P.</u> and <u>Wright</u> finding no First Amendment familial association claims exist for siblings demonstrate any such "right" was not clearly established at the time of the actions giving rise to this lawsuit. Accordingly, the Individuals are entitled to qualified immunity as to plaintiffs' First Amendment claims for loss of familial association between siblings.

**B.    <u>Plaintiffs' First Claim Against the Individuals Based on a Constitutional Violation Under the Fourteenth Amendment Must Fail.</u>**

Although very vaguely pled, plaintiffs allege both a Fourth and Fourteenth Amendment violation for the alleged wrongful removal of them in "Claim 1, County 1" of their Complaint.

**1.    <u>Wrongful Removal Claims by Children are Brought Under the Fourth Amendment.</u>**

Claims of wrongful removal of children are brought not under the Fourteenth Amendment but under the Fourth Amendment right to be free from unreasonable seizures, as the Fourth Amendment provides for the more specific source of protection. <u>Keates</u>, 883 F.3d at 1236 (citing <u>Kirkpatrick v. County of Washoe</u>, 792 F.3d 1184, 1189 (9th Cir. 2015), on reh'g en banc, 843 F.3d 784 (9th Cir. 2016); and <u>Wallis v. Spencer</u>, 202 F.3d 1126, 1137 n.8 (9th Cir. 2000) (holding the childrens' claims "should properly be assessed under the Fourth Amendment"). Accordingly, to the extent plaintiffs' make a claim against the

1 Individuals based on a Fourteenth Amendment violation for their initial removal,

2 such a claim should be dismissed.

3     **2.**     **Plaintiffs' First Claim Against the Individuals Based on a**

4            **Constitutional Violation for Interference with the Plaintiffs'**

5            **Association With Their Mother After Their Return to Her Must**

6            **Fail.**

7     To the extent plaintiffs make a Fourteenth Amendment Claim for a

8 "continued" interference with their association with their mother after the court

9 returned them to the "care" of their mother, plaintiffs have failed to state a claim.

10 Plaintiffs have pled no facts showing the Individuals in any way interfered with

11 that relationship after the Court returned these children to their mother on October

12 4, 2020. Thus, because there is no interference, there can be no constitutional

13 violation. Without a constitutional violation, their claim based on that purported

14 constitutional violation must fail. As a result, because defendants Jesus Cuevas,

15 Leonor Mendez, and Marcia Butcher had no involvement until after the plaintiffs

16 were returned to their mother on October 4, 2020 (See Plaintiffs' Complaint¶¶

17 56-114), they should be dismissed entirely.

18 **C.**     **Plaintiffs' Second Claim Fails to State a Claim Under Monell.**

19     Plaintiffs' second claim is a <u>Monell</u> claim filed against Defendant County of

20 Riverside pursuant to <u>Monell v. Department of Social Services of City of New</u>

21 <u>York</u>, 436 U.S. 658 (1978). In order to properly allege a <u>Monell</u> claim, plaintiffs

22 must allege (1) plaintiffs' harm was caused by a federal constitutional violation,

23 and (2) if there was a constitutional violation, then the government entity caused

24 the constitutional violation through a practice, policy, custom, or through lack of

25 training. <u>Manta Management Corp. v. City of San Bernardino</u>, 43 Cal.App. 400,

26 407 (citing <u>Collins v. Harker Heights</u>, 503 U.S. 115, 120 (1992). For the County to

27 be held liable for the actions of its employees under 42 U.S.C. § 1983, plaintiff(s)

28 must prove an individual violated the Constitution and either the constitutional

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT IN PART UNDER FRCP RULE 12(b)(6)**

deprivation was the product of a policy or custom of the local government unit; or the constitutional deprivation was caused by a failure to train municipal employees adequately. See Kirkpatrick v. County of Washoe, 843 F.3d 784, 793 (9th Cir. 2016); and City of Canton, Ohio v. Harris, 489 U.S. 378, 388-91 (1989).  Thus, in order to establish liability under Monell plaintiffs must establish they had a constitutional right to begin with.

### 1.    Plaintiffs' Monell Claim Against the County Based on a First Amendment Right to Familial Association Between Siblings Fails.

To the extent plaintiffs' allege the County is liable under Monell for violation of their alleged First Amendment rights for loss of familial association with their sibling S.V, plaintiffs have failed to state a claim. As set forth above in Section IV.A. no such First Amendment right between siblings exist.

### 2.    Plaintiffs' Monell Claim Against the County is Vaguely Pled.

To the extent the law does recognize such a right, plaintiffs' Monell claims are vaguely pled in that they do not clearly identify the alleged constitutional violations against the County. The Complaint cannot simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and enable the opposing party to defend itself; and the actual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). The Starr standard applies to pleading policy and/or custom for claims against municipal entities. AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012).

The constitutional violations are insufficiently pled. Plaintiffs do not identify any constitutional violation with any specificity, but merely generally allege in their Monell claim against the County that plaintiffs had rights under the First, Fourth, and Fourteenth Amendments, that defendants violated their

constitutional rights by engaging in deception, that defendant County failed to establish policies/procedures/training regarding the constitutional protections afforded to a "parent and child" (emphasis added) by the First, Fourth, and Fourteenth Amendments, and that the state of the law regarding the constitutional protections afforded to a child by the First, Fourth, and Fourteenth Amendments were clearly established. While plaintiffs seem to acknowledge these rights are in context of a child being removed from their parent, elsewhere, plaintiffs' claim their rights to familial association with their sibling, S.V., were violated. Thus, Plaintiffs' second claim under Monell is not specific enough as to what rights they allege were violated. It is unclear if they are seeking damages under Monell from defendant County for their removal from S.V., their mother, or both.

**3.      Plaintiffs' Monell Claim Against County Based on a Constitutional Violation for Interference with the Plaintiff's Association With Their Mother After Their Return to Her Must Fail.**

Plaintiffs also have a Monell claim against the County for unlawful policies/training that caused a violation of the children's right to familial association with their mother, after the Court returned them to the "care" of their mother on October 4, 2022.  But Monell liability requires an actual constitutional violation. Plaintiffs have pled no facts showing the County in any way interfered with that relationship after the Court returned these children to their mother. Thus, because there is no interference, there can be no constitutional violation. Without a constitutional violation, their Monell claim based on that purported constitutional violation must fail.

**4.      Plaintiff's Monell Claim Against the County for Wrongful Removal of the Plaintiffs under the Fourteenth Amendment Fails.**

Plaintiffs also seem to allege both a Fourth and Fourteenth Amendment violation for the County's alleged wrongful removal of them. As set forth above in

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT IN PART UNDER FRCP RULE 12(b)(6)**

Section IV.B.1., claims of wrongful removal of children are to be brought under the Fourth Amendment right to be free from unreasonable seizures, as the Fourth Amendment provides for the more specific source of protection. Accordingly, plaintiffs' <u>Monell</u> claim against the County based on a Fourteenth Amendment violation for their initial removal should be dismissed.

## CONCLUSION

There is no First Amendment right to familial-association between siblings in the context of removal of a child. Therefore, plaintiffs' claims against the Individuals under 42 U.S.C. § 1983 and against the County under <u>Monell</u> for violation of plaintiffs' First Amendment rights should be dismissed. Additionally, as children's claims for wrongful removal are evaluated under the Fourth Amendment, and plaintiffs' have not pled a continued loss of association with their mother after they were returned to her, plaintiffs' claim the Individuals are liable under 42 U.S.C. § 1983 and against the County under <u>Monell</u> for violation of their Fourteenth Amendment rights should also be dismissed, leaving only plaintiffs' Fourth Amendment claim for the alleged wrongful removal of them from their mother against defendants County of Riverside, Jacqueline Farris, Joseph Weisenberger, Mariah Lopez, and Christina Plemons.

DATED: November 23, 2022          SMITH LAW OFFICES, LLP

By   /s/ Erin R. Brown
Douglas C. Smith
Erin R. Brown
Attorneys for Defendants
COUNTY OF RIVERSIDE,
JACQUELINE FARRIS, JOSEPH
WEISENBERGER, MARIAH LOPEZ,
CHRISTINA PLEMONS, LEONOR
MENDEZ, and MARCIA BUTCHER

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT IN PART UNDER FRCP RULE 12(b)(6)